Michael Peffer (SBN: 192265)
Nilab Sharif (SBN: 231296)
**PACIFIC JUSTICE INSTITUTE**
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email:  michaelpeffer@pji.org

Attorneys for Plaintiff, JULIE CHRISTENSEN

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CHRISTENSEN, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>KAISER PERMANENTE; KAISER FOUNDATION HOSPITALS; AND DOES 1 TO 10, inclusive<br><br>Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

**COMES NOW, Plaintiff, JULIE CHRISTENSEN (hereinafter "PLAINTIFF"), and for her Complaint alleges as follows:**

### INTRODUCTION

Plaintiff worked for the Defendants as a staff registered nurse in Downey, California.

- 1 -

Defendants required its employees to be vaccinated for SARS-CoV-2 (COVID-19). Because of the Plaintiff's faith, she sought an accommodation for her sincerely held religious to be exempt from taking this vaccine. Her religious accommodation request was eventually denied.

Plaintiff brings this action against KAISER PERMANENTE (KAISER) and KAISER FOUNDATION HOSPITALS (KFH). It is Plaintiff's belief and understanding that KAISER is the parent organization of KFH. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.) and the California Fair Employment and Housing Act, Cal. Govt. Code §12900 et seq.

Notwithstanding having legitimately sought an accommodation for sincerely held religious beliefs, which kept Plaintiff from taking the vaccine, she was terminated by Defendants on June 13, 2022, allegedly for not complying with Defendants' mandated COVID-19 vaccine policy. The gravamen of this complaint is that Defendants refused to accommodate, otherwise discriminated against, and subsequently terminated Plaintiff from her job because she asked for an accommodation due to her religious beliefs. Defendants knew or should have reasonably known that Plaintiff held religious beliefs because she asserted them. Defendants nevertheless failed to accommodate and terminated Plaintiff's employment in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

**1.** This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This court has supplemental jurisdiction over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

**2.**   Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that KAISER and KFH maintain significant operations within the Central District of California, and the locations of the company who's alleged unlawful employment practices took place is within the Central District of California. This case is appropriate for assignment to the Western Division.

## PARTIES

### PLAINTIFF

**3.**   At all times relevant herein, JULIE CHRISTENSEN was an employee of KAISER and KFH as a registered nurse. Ms. CHRISTENSEN resided in Anaheim, CA in the county of Orange, at the time of the events that gave rise to this Complaint.

### DEFENDANTS

**4.**   Upon information and belief, KAISER, is a privately held health care organization, headquartered in Oakland, California. Upon information and belief, KAISER is the parent organization of KFH, a non-profit public benefit health corporation which owns and operates hospitals. KFH is also headquartered in Oakland, California.  At the time of the events that gave rise to this Complaint, PLAINTIFF was an employee of KAISER and KFH as a staff registered nurse at the Downey Medical Center, located in the city of Downey, county of Los Angeles.

**5.**   The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-10, inclusive are unknown to PLAINTIFF at this time, who therefore sues said DEFENDANTS by such fictious names. PLAINTIFF is informed and believes and thereon alleges that each of the factiously named DEFENDANTS is in some way responsible for,

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## STATEMENT OF FACTS

**6.** Ms. CHRISTENSEN was hired by DEFENDANTS in June 2008. In early August 2021, DEFENDANTS issued a mandate that all employees must become fully vaccinated by September 30, 2021 or obtain an approved medical or religious exemption.

**7.** Ms. CHRISTENSEN submitted a religious exemption form to DEFENDANTS' mandate on August 21, 2021. In her exemption request form, Ms. CHRISTENSEN listed her religion as "Christian Non-Denomination" and stated her request was based on her deeply held religious belief and teachings of the Bible and God. Ms. CHRISTENSEN explained her belief in the Commandment "Thou Shall Not Murder" and that the vaccine trials used aborted babies, as well as her beliefs that God teaches us that we are made in His image and to keep our bodies pure so the Holy Spirit may reside in us. The exemption request form also asked the applicant to identify other vaccines previously declined due to one's religious beliefs, practice or observance, to which Ms. CHRISTENSEN responded "Flu vaccine, swine flu vaccine, hepatitis boosters, etc.,."

**8.** Ms. CHRISTENSEN is a follower of the Christian faith.

**9.** Ms. CHRISTENSEN believes that her body belongs to God and is a temple of the Holy Spirit.

**10.** Ms. CHRISTENSEN believes that it is against her religion to knowingly ingest or inject her body with possible harmful substances.

**11.** Ms. CHRISTENSEN's understanding is that the manufacturers of the COVID-19 vaccine use aborted fetal tissue, the lining of aborted fetal tissue, or both forms of fetal tissue.

- 4 -

Ms. CHRISTENSEN's faith strongly opposes injecting her body with the COVID-19 vaccine.

**12.**   On or about September 1, 2021, DEFENDANTS approved Ms. CHRISTENSEN's request.

**13.**   In September 2021, Ms. CHRISTENSEN was placed on a medical leave of absence by her doctor for the period of September 29, 2021-December 22, 2021.

**14.**   On or about October 18, 2021, DEFENDANTS provided Ms. CHRISTENSEN a request for additional information regarding her request for a religious exemption. This request consisted of several questions regarding Ms. CHRISTENSEN's religious beliefs.

**15.**   On or about October 22, 2021, Ms. CHRISTENSEN provided her responses to DEFENDANTS' request for additional information. In her responses, Ms. CHRISTENSEN explained her objections to the use of aborted fetal cell lines in the development of the vaccines, she cited Bible verses and teachings that guided her decision not to receive the COVID-19 vaccine, and she also explained in detail her vaccine history and the decision she made 13 years ago not to receive additional vaccines after gaining knowledge of the use of fetal cell lines in the development of vaccines. She further stated that her employment records will reflect her yearly vaccine declination and attestation submissions.

**16.**   On or about December 1, 2021, Ms. CHRISTENSEN was informed that her religious exemption request was denied.

**17.**   On or about December 3, 2021 and again on December 4, 2021, Ms. CHRISTENSEN emailed DEFENDANTS' human resources department requesting an appeal of the denial of her request. Ms. CHRISTENSEN stated she was willing to meet and answer any additional questions regarding her request.  DEFENDANTS did not respond to Ms. CHRISTENSEN's requests.

**18.** On or about December 5, 2021, DEFENDANTS informed Ms. CHRISTENSEN that she

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

not in compliance with DEFENDANTS' COVID-19 vaccine policy and was therefore being placed on unpaid leave.

**19.** On or about December 7, 2021, Ms. CHRISTENSEN submitted her grievance request for being placed on unpaid leave to her union, United Nurses Association of California.

**20.** On or about December 16, 2021, Ms. CHRISTENSEN emailed DEFENDANTS stating there were inconsistencies on her HR Connect Dashboard.  Ms. CHRISTENSEN reiterated her repeated request for an appeal of the denial of her exemption request. DEFENDANTS again did not respond to Ms. CHRISTENSEN's email.

**21.** In a letter dated April 29, 2022 DEFENDANT was informed that her status of leave of absence is now changed to Administrative Leave without pay as of April 15, 2022. On or about April 30, 2022, Ms. CHRISTENSEN was informed by her union that her grievance would not be presented until the following month. Ms. CHRISTENSEN received a text dated 12/2/22 from Union Representative Gerardo Bajamundi asking what her employment status was, to which she replied had been terminated as of June 2022. Although he stated that they were setting a grievance hearing, she never heard back from him.

**22.** On or about June 10, 2022, Ms. CHRISTENSEN, received via FedEx Express a copy of her paystub from DEFENDANTS. On or about that same day, Ms. CHRISTENSEN sent via certified mail a letter to DEFENDANTS requesting clarification of DEFENDANTS' action in sending her a paystub, an explanation as to why she was unable to sign into DEFENDANTS' employee portal, and asked if her employment was being terminated. In such letter, Ms. CHRISTENSEN stated she still had not received a response to her previous requests for an appeal of the denial of her exemption request, and again requested an explanation for the denial.

**23.** On or about June 13, 2022, Ms. CHRISTENSEN received a TERMINATION OF

- 6 -

EMPLOYMENT letter from DEFENDANTS. DEFENDANTS' letter stated Ms. CHRISTENSEN was being terminated from her employment effective June 7, 2022 for failure to comply with DEFENDANTS' vaccine policy, and that Ms. CHRISTENSEN would remain eligible for rehire should she choose to comply with the vaccine policy.

**24.** DEFENDANTS did not specify if Ms. CHRISTENSEN's religious exemption form or responses to the request for additional information questions was deficient or give her an opportunity to supplement her application and responses for any perceived deficiencies. DEFENDANTS also did not provide an interactive process with Ms. CHRISTENSEN to discover if an accommodation or an alternative to the COVID-19-vaccine, such as PPE masking or submitting to regular COVID testing, would be available to meet Ms. CHRISTENSEN's religious beliefs. Indeed, after initially receiving an approval for my request for accommodation based on sincerely held religious beliefs, Ms. CHRISTENSEN wore PPE. DEFENDANTS willfully ignored Ms. CHRISTENSEN's repeated requests for an appeal of the denial of her religious exemption.

**25.** Ms. CHRISTENSEN timely filed a complaint with the EEOC for religious discrimination. Ms. CHRISTENSEN received a Notice of Right to Sue (NRTS) from the EEOC on December 6, 2023. Ms. CHRISTENSEN's EEOC NRTS serves as "Exhibit One" for the purpose of this Complaint.

## FIRST CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Religious Discrimination Based on a Failure to Accommodate Against Defendants

**26.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

- 7 -

**27.** Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

**28.**   To establish a prima facie case of religious discrimination based on a failure to accommodate under Title VII, a plaintiff must first allege that she holds a bona fide religious belief that conflicts with an employment requirement, she informed her employer of the belief and conflict, and the employer took an adverse employment action because of her inability to perform her job. Peterson v. Hewlett-Packard Co.,358 F.3d 599, 606 (9th Cir. 2004).

**29.**  PLAINTIFF was, at all times relevant herein, an employee covered by U.S.C. 42 §2000e et seq.

**30.** PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked DEFENDANTS to accommodate her sincerely held religious belief.

**31.**  PLAINTIFF's request to have her religious accommodation approved was denied without an explanation or an interactive process.

**32.**  DEFENDANTS did not specify if PLAINTIFF's accommodation form was deficient or give her an opportunity to supplement her application for any perceived deficiencies.

**33.** DEFENDANTS did not attempt to and refused to accommodate PLAINTIFF with any alternative accommodations, such as PPE masking or submitting to regular COVID-19 testing.

**34.**  PLAINTIFF suffered significant damages because of DEFENDANTS' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**35.** DEFENDANTS intentionally violated PLAINTIFF 's rights under Title VII with malice

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

or reckless indifference.

**36.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANTS violated her rights under Title VII, and an injunction preventing DEFENDANTS from enforcing its discriminatory policies.

**37.** PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Wrongful Termination based on Religion Against Defendants**

**38.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

**39.** Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

**40.** A plaintiff can make out a prima facie case under Title VII by demonstrating that she had a bona fide religious belief that conflicted with an employment requirement, that she informed her employer of this belief and that she was discharged for failing to comply with the conflicting employment requirement. *Anderson v. General Dynamics Convair Aerospace*

- 9 -

*Division,* 589 F.2d 397, (9th Cir. 1978).

**41.** PLAINTIFF was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

**42.** PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked DEFENDANTS to accommodate her sincerely held religious belief.

**43.** PLAINTIFF's request to have her religious accommodation approved was denied.

**44.** DEFENDANTS did not attempt to and refused to accommodate PLAINTIFF with any alternative accommodations, such as PPE masking or submitting to regular COVID-19 testing.

**45.** Therefore, PLAINTIFF's religious beliefs and practices were a motivating factor in her employment being terminated.

**46.** PLAINTIFF suffered significant damages because of DEFENDANTS' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**47.** DEFENDANTS intentionally violated PLAINTIFF 's rights under Title VII with malice or reckless indifference.

**48.** PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANTS violated her rights under Title VII, and an injunction preventing DEFENDANTS from enforcing its discriminatory policies.

/ / /

/ / /

/ / /

- 10 -

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

# THIRD CAUSE OF ACTION

## Violation of Title VII of the Civil Rights Act of 1964 Disparate Impact on the Basis of Religion (42 U.S.C. § 2000e-2(a)(2) & (k)) Against Defendants

**49.** PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**50.** DEFENDANTS excluded PLAINTIFF from the position for which she was otherwise qualified.

**51.** DEFENDANTS' insistence on the COVID-19 vaccine requirement without any accommodation deprives and tends to deprive PLAINTIFF and other similarly situated individuals of employment opportunities on the basis of religion in violation of Title VII's disparate-impact prohibition. 42 U.S.C. §§ 2000e-2(a)(2) & (k).

**52.** Title VII makes it illegal for an employer to "limit, segregate, or classify his employees or applicants . . . in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(2).

**53.** Furthermore, the statute provides that an unlawful employment practice based on disparate impact is established when either an employee shows that an employment policy causes such a disparate impact and the employer fails to show "that the challenged practice is job related . . . and consistent with business necessity," or the employee shows there is an alternative way to serve the stated needs but the employer refuses it. 42 U.S.C. § 2000e-2(k)(1)(A).

**54.** Even if facially neutral, DEFENDANTS' categorical requirement that all employees are vaccinated without any accommodations causes a disparate impact on PLAINTIFF (and any similarly situated religious individual who shares her religious beliefs) by forcing her to abandon her religious objections or forgo employment with DEFENDANTS.

**55.**  Furthermore, DEFENDANTS' position on the vaccines is neither required for the job in question nor consistent with business necessity. Moreover, DEFENDANTS refused the less-restrictive but feasible options of allowing PLAINTIFF to undergo regular testing or wearing PPE preserving her religious conscience.

**56.**  PLAINTIFF suffered significant damages because of DEFENDANTS' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**57.**  PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANTS violated her rights under Title VII, and an injunction preventing DEFENDANTS from enforcing its discriminatory policies.

**58.** PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

### FOURTH CAUSE OF ACTION
**Violation of the California Fair Employment and Housing Act (FEHA) (Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation on the Basis of Religious Creed Against Defendants**

**59.**  PLAINTIFF hereby incorporates a realleges the preceding paragraphs as though fully set forth herein.

**60.**  Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of an employee's religious creed.

**61.**  PLAINTIFF was at all times relevant herein an employee for the purposes of FEHA.

**62.**  PLAINTIFF was at all times relevant herein a member of a protected religious class.

- 12 -

**63.**      FEHA broadly defines religious creed to include all aspects of observance and practice.

**64.**      DEFENDANTS demonstrated discriminatory animus toward PLAINTIFF by making an adverse employment decision against her by denying her religious exemption request, terminating her employment, and showing callous indifference toward her sincere religious beliefs.

**65.**      PLAINTIFF's request to have her religious accommodation approved was denied without an explanation or an interactive process.

**66.**      DEFENDANTS did not specify if PLAINTIFF's accommodation form was deficient or give her an opportunity to supplement her application for any perceived deficiencies.

**67.**      DEFENDANTS did not attempt to and refused to accommodate PLAINTIFF with any alternative accommodations, such as PPE masking or submitting to regular COVID-19 testing.

**68.**      PLAINTIFF suffered damages because of DEFENDANTS' unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

**69.**      DEFENDANTS intentionally violated PLAINTIFF's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

**70.**      PLAINTIFF is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

## <u>FIFTH CAUSE OF ACTION</u>

**Violation of the California Fair Employment and Housing Act (FEHA)(Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodation Against Defendants**

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

**71.**      PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

**72.**      Under FEHA, it is an unlawful employment practice for an employer to refuse to hire or employ a person because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer demonstrates that it has explored any available reasonable means of accommodating the religious belief or observance, including the possibilities of excusing the person from those duties that conflict with their belief and observance, or permitting those duties to be performed at another time or by another person.

**73.**   PLAINTIFF was at all times relevant herein an employee or DEFENDANTS for the purposes of FEHA.

**74.**   PLAINTIFF was at all times relevant herein a member of a protected religious class.

**75.**   DEFENDANTS were at all times relevant herein employers for purposes of FEHA.

**76.**      PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked DEFENDANTS to accommodate her sincerely held religious belief.

**77.**      PLAINTIFF's request to have her religious accommodation approved was denied.

**78.**      DEFENDANTS did not specify if PLAINTIFF's accommodation form was deficient or give her an opportunity to supplement her application for any perceived deficiencies.

**79.**      DEFENDANTS did not attempt to and refused to accommodate PLAINTIFF with any alternative accommodations, such as PPE masking or submitting to regular COVID-19

- 14 -

testing.

80.     Therefore, PLAINTIFF's religious beliefs and practices were a motivating factor in the denial of her religious exemption.

81.     PLAINTIFF suffered damages because of DEFENDANTS' unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

82.     DEFENDANTS intentionally violated PLAINTIFF's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

83.     PLAINTIFF is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

# SIXTH CAUSE OF ACTION

## Violation of the California Fair Employment and Housing Act (FEHA)(Cal. Govt. Code Sec. 12900 et seq.) – Disparate Impact on the Basis of Religion Against Defendants

84.     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

85.     PLAINTIFF is a member of a distinctive religious group.

86.     PLAINTIFF was at all times relevant herein an employee of DEFENDANTS for the purposes of FEHA

87.     DEFENDANTS were at all times relevant herein employers for purposes of FEHA.

88.     DEFENDANTS had a practice or policy to not grant religious exemption or accommodation to employees who held religious objections to taking the COVID-19 vaccine.

89.     This policy or practice disproportionately and adversely impacted members of a protected class, including PLAINTIFF, due to their religious beliefs and practice.

- 15 -

**90.**      Even if facially neutral, DEFENDANTS' categorical requirement that all employees are vaccinated without any accommodations causes a disparate impact on PLAINTIFF (and any similarly situated religious individual who shares her religious beliefs) by forcing her to abandon her religious objections or forgo employment with DEFENDANTS.

**91.**      Furthermore, DEFENDANTS' position on the vaccines is neither required for the job in question nor consistent with business necessity. Moreover, DEFENDANTS refused the less-restrictive but feasible options of allowing PLAINTIFF to undergo regular testing or wearing PPE preserving her religious conscience.

**92.**      PLAINTIFF suffered significant damages because of DEFENDANTS' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**93.**      PLAINTIFF is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANTS violated her rights under Title VII, and an injunction preventing DEFENDANTS from enforcing its discriminatory policies.

**94.**      PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A.      Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B.      Award PLAINTIFF her front pay, including future wages and benefits;

- 16 -

C.     Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D.     Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E.     Award PLAINTIFF her reasonable attorney's fees and costs of suit;

F.     Award PLAINTIFF punitive damages;

G.     Enjoin KAISER and KFH from enforcing its discriminatory policies;

H.     Declare that KAISER and KFH have violated Title VII of the Civil Rights Act and FEHA; and

I.     Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

DATED: 1/4/2024              **PACIFIC JUSTICE INSTITUTE**

*/s/ Michael J. Peffer*
MICHAEL PEFFER, ESQ.,
NILAB SHARIF, ESQ.,
Attorneys for Plaintiff,
JULIE CHRISTENSEN

## **DEMAND FOR JURY TRIAL**

PLAINTIFF, JULIE CHRISTENSEN hereby demands a jury trial in this matter.

DATED:  1/4/2024            **PACIFIC JUSTICE INSTITUTE**

*/s/ Michael J. Peffer*
MICHAEL PEFFER, ESQ.,
Attorney for Plaintiff,
JULIE CHRISTENSEN

- 17 -

## VERIFICATION

I, JULIE CHRISTENSEN, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this ___ day of January 2024, in the Los Angeles County, State of California.

*Julie Christensen*

JULIE CHRISTENSEN

19

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

# VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.](DEMAND FOR JURY TRIAL)

Final Audit Report                                                      2024-01-03

| Created: | 2024-01-03 |
|---|---|
| By: | Michael Peffer (mpeffer@pji.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAYhCp6t90nsQa4R-kUsWGvDXuSB0DhlyT |

## "VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.](DEMAND FOR JURY TRIAL)" History

- Document created by Michael Peffer (mpeffer@pji.org)
  2024-01-03 - 5:59:46 PM GMT- IP address: 12.126.67.142

- Document emailed to itsjusjuls@aol.com for signature
  2024-01-03 - 5:59:49 PM GMT

- Email viewed by itsjusjuls@aol.com
  2024-01-03 - 6:06:35 PM GMT- IP address: 172.251.224.62

- Signer itsjusjuls@aol.com entered name at signing as Julie Christensen
  2024-01-03 - 6:08:52 PM GMT- IP address: 172.251.224.62

- Document e-signed by Julie Christensen (itsjusjuls@aol.com)
  Signature Date: 2024-01-03 - 6:08:54 PM GMT - Time Source: server- IP address: 172.251.224.62

- Agreement completed.
  2024-01-03 - 6:08:54 PM GMT

 Adobe Acrobat Sign

1
2
3
4
5
## EXHIBIT ONE (1)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/06/2023

**To:** Julie Christensen
410 S Brook Ln
ANAHEIM HILLS, CA 92807
Charge No: 480-2022-01672

EEOC Representative and email:   PATRICIA KANE
Deputy Director
PATRICIA.KANE@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
10/06/2023
Christine Park-Gonzalez
District Director

**Cc:**
Robyn Sembenini
Kaiser Foundation Health Plan, Inc
One Kaiser Plaza, 5Th Floor
Oakland, CA 94612

Babak  Yousefzadeh
Sheppard, Mullin, Richter & Hampton LLP
4 EMBARCADERO CTR FL 17
San Francisco, CA 94111

Krista  Stevenson Johnson
Sheppard, Mullin, Richter & Hampton LLP
4 EMBARCADERO CTR FL 17
San Francisco, CA 94111

Adam  Rosenthal
Sheppard, Mullin, Richter & Hampton LLP
12275 EL CAMINO REAL STE 100
San Diego, CA 92130

Please retain this notice for your records.